L. H. MANNING & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10230.   Promulgated February 10, 1928.

*H. H. Tooley, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

634

OPINION.

TRAMMELL: The question here involved is whether the amounts credited to Manning's account constituted distributions of profits. If they were, the earned surplus of the corporation should be reduced to the extent of such distributions.

We think from all the facts and circumstances of the case, the credits to Manning's account did constitute distributions of the earnings and profits of the corporation. Manning was the sole stockholder of the company and had a running account with the corporation. He withdrew funds from the corporation to finance other corporations in which he was the sole stockholder. The crediting to his account reduced to that extent the indebtedness of Manning to the corporation. Manning received the benefit of the credits in the reduction of his liability or indebtedness to the same extent as if he had

received the money in cash, and the assets of the corporation were correspondingly reduced.

We have heretofore held that it was not necessary that formal action be taken by a corporation in order to declare dividends or to make distributions of the earnings and profits. This may just as effectually be done informally, and is frequently so done in the case of close corporations. We must look to the substance of what was done rather than to the form. If the effect of the action of the corporation is to distribute its earnings and profits by the method pursued it is not necessary that formal action declaring dividends be taken. The real question is, Were the earnings and profits effectually distributed to the stockholders? See *L. W. Gunby Co.*, 3 B. T. A. 714; *Daniel Hunt, Sr.*, 6 B. T. A. 558; *Roshek Bros. Co.*, 2 B. T. A. 260; *Chattanooga Savings Bank* v. *Brewer*, 17 Fed. (2d) 79; certiorari denied May 31, 1927.

We are strengthened in the view that the action of the petitioner was a distribution of profits by the testimony to the effect that the purpose of the crediting of the amounts on the books was to avoid the accumulation of profits and by the action of Manning, the sole stockholder, in treating the amounts as his taxable income in the prior years and the payment of the taxes due thereon.

With respect to the year 1920, a different situation is presented. On December 31, 1919, Manning's account was debited with $118,-951.50, the amount which had been credited to his account on account of profits from 1909 to 1916, and a credit made to surplus in the same amount. The function of this bookkeeping entry was to reverse all prior entries by which the profits of the years 1909 to 1916 had been distributed to Manning. The distributions of 1909 to 1916 were evidenced by bookkeeping entries but were just as effective as though they had been made in cash or other property. When made, invested capital was decreased by their respective amounts. The effect of the entry of December 31, 1919, was to restore Manning's account, in so far as it was affected by the distributions, and surplus to precisely their same conditions as prior to the distributions. Manning became obligated to the petitioner for the profits of 1909 to 1916 which had been distributed to him and surplus became correspondingly greater. As the latter was reduced by the distributions of 1909 to 1916, so it was correspondingly increased when the amounts distributed to Manning were released to the petitioner by the entry of December 31, 1919, and invested capital became correspondingly greater with the unqualified return of these distributions to the uses of the petitioner company. In view of the fore-

going, we are of the opinion that the respondent erred in failing to include the amount in question in invested capital for 1920.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

ARUNDELL concurs in the result.

LANSDON and TRUSSELL dissent.